UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RAYDEN D. TATE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-1491 |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| **Defendant.** | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment.[3] The Court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED** and the action be **DISMISSED** with prejudice.

### I.    BACKGROUND

On April 24, 2020, Plaintiff filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for Child Disability Insurance

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 6.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

[3] Dkt. No. 22.

Benefits under Title II of the Social Security Act.[4] Plaintiff previously received supplemental security income benefits based on disability as a child.[5] When Plaintiff turned 18 years old on June 26, 2015, his eligibility for these disability benefits was required to be redetermined.[6] Plaintiff filed an initial claim for disability on February 28, 2001 due to special education, epilepsy, heart murmur, brain surgery, and headaches.[7] On April 14, 2016, the SSA found that Plaintiff was no longer disabled as of April 1, 2016.[8] This determination was upheld upon reconsideration on December 1, 2016.[9] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[10]

On May 2, 2018, the ALJ conducted a hearing.[11] The ALJ heard testimony from Plaintiff, vocational expert Rosalind Lloyd, and Plaintiff's mother Princess Tate.[12] On September 25, 2018, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[13] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from June 26, 2015, through the date of this decision . . . ."[14] Plaintiff appealed the ALJ's decision to the SSA's

---

[4] *See* Dkt. No. 1. It appears that Plaintiff attempted to file a complaint twice, but the docket entry presents a blank document. (*See id.*; Dkt. No. 2-2.) However, Commissioner filed an answer. (Dkt. No. 19.)
[5] Dkt. No. 20-3 at 11.
[6] *Id.*
[7] Dkt. No. 20-4 at 4.
[8] *See id.* at 9.
[9] Dkt. No. 20-5 at 26–28.
[10] *Id.* at 8–13.
[11] *See* Dkt. No. 20-3 at 47.
[12] *Id.*
[13] Dkt. No. 20-4 at 19–31. There are two ALJ opinions in this case. (*See* Dkt. No. 20-3 at 11–20; Dkt. No. 20-4 at 19–31.) It appears that Plaintiff's action is based on the ALJ Opinion dated September 25, 2018 regarding the application for Child Disability Insurance Benefits. (*See* Dkt. No 20-5 at 66–71; Dkt. No. 20-3 at 2; Dkt. No. 22-1 at 1.) Therefore, the Court will only review the ALJ's decision as to that particular application.
[14] Dkt. No. 20-4 at 30.

Appeals Council.[15] On July 23, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[16]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[17]

## II.   LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v.*

---

[15] *See* Dkt. No. 20-5 at 66.
[16] Dkt. No. 20-3 at 2.
[17] *See* Dkt. No. 22-1 at 1.

*Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

### III. DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d

at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 26, 2015.[18] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: anxiety disorder, depressive disorder, history of asthma, headaches, history of seizure disorder, history of learning disorder, and irritable bowel syndrome.[19] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[20] The ALJ found Plaintiff had the RFC to perform light work as defined in the Commissioner's regulations with certain limitations.[21] At step four, the ALJ determined that Plaintiff had no past relevant work.[22] At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as shipping and receiving weigher, small products assembly, and food production worker—and therefore, Plaintiff was not disabled as defined under the Social Security Act.[23]

Commissioner moves to affirm the ALJ's decision because substantial evidence supports the ALJ's decision that Plaintiff was not disabled.[24] Plaintiff did not file a response. The Court

---

[18] Dkt. No. 20-4 at 22.
[19] *Id.*
[20] *Id.* at 23.
[21] *Id.* at 26.
[22] *Id.* at 29.
[23] *Id.* at 29–31.
[24] Dkt. No. 22-1 at 5.

agrees with Commissioner.

In their twelve-page decision, the ALJ thoroughly reviewed Plaintiff's case. The ALJ properly considered the medical evidence, Plaintiff's subjective complaints and activities, and the opinion evidence.[25] The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. The question before the Court is whether substantial evidence supports the ALJ's findings. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). Here, the amount of evidence supporting the ALJ's decision is far "more than a mere scintilla." *Hardman*, 820 F.3d at 147. Accordingly, the Court recommends that substantial evidence supports the ALJ's decision.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED** and the action be **DISMISSED** with prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

[25] *See* Dkt. No. 20-4 at 22–30.

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on January 26, 2022.

Sam S. Sheldon
United States Magistrate Judge