United States District Court
Southern District of Texas
**ENTERED**
March 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYDEN D. TATE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01491 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Rayden D. Tate filed this action in April 2020 for judicial review of the final decision by the Social Security Administration on his claim for child disability benefits under Title II of the Social Security Act. See Dkt 20-3 at 11 (administrative record). The matter was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 6.

Tate proceeds here *pro se*. He failed to timely serve the Acting SAA Commissioner at the outset and was ordered to show cause why the matter shouldn't be dismissed for want of prosecution. Dkt 3. He didn't respond. His mother subsequently by letter informed the Court that an unspecified brain defect for which Tate had surgery and was receiving benefits prevented his response. Dkt 4. Her request for an extension of time for Tate to effect service was granted. Dkt 5. The Acting SAA Administrator was then served on November 4, 2020. Dkt 9. But Tate twice filed a blank complaint to the docket. See Dkts 1 & 2-2. Defendant Kilolo Kijakazi, in her official capacity as Acting Commissioner of the SSA, filed a motion for summary judgment. Dkt 22. Tate didn't respond.

Even so, in an abundance of caution, Judge Sheldon considered and ruled upon Defendant's motion and the

underlying decision of the ALJ. He summarized the pertinent and adequate procedure afforded to Tate's claims, which relate back to an initial claim for disability due to special education, epilepsy, heart murmur, brain surgery, and headaches in 2001. Dkt 23 at 1–3. He recommended that Defendant's motion for summary judgment be granted, and Tate's claims dismissed with prejudice. Id at 1.

Tate filed no objections.

A district court conducts "a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 USC § 636(b)(1)(C). But where there has been no objection to the ruling of the magistrate judge, the district court reviews the report and recommendation for "clear error, abuse of discretion and contrary to law." *US v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989) (quotation omitted).

"It is well established in the Fifth Circuit that a federal court may not grant a 'default' summary judgment when no response has been filed." *Morgan v Federal Express Corp*, 114 F Supp 3d 434, 437 (SD Tex 2015) (quotations omitted), citing *Eversley v MBank of Dallas*, 843 F2d 172, 174 (5th Cir 1988). But if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. Ibid (citations omitted). The Fifth Circuit likewise holds that when a nonmovant bears the burden of proof at trial, a movant may make a proper summary judgment motion under Rule 56 by alleging that the nonmovant has "no evidence" of its claims. *Austin v Kroger Texas LP*, 864 F3d 326, 335 (5th Cir 2017) (per curiam).

Tate sought judicial review of the final decision by the SAA on his claim for child disability benefits. Dkt 20-3 at 11. He bears the burden of proving that he suffers from a disability. See Dkt 23 at 4–5, quoting *Perez v Barnhart*, 415 F3d 457, 461 (5th Cir 2005), and 42 USC § 423(d)(1)(A). But Defendant asserts substantial evidence in support of the ALJ's decision that Tate wasn't then disabled. See

2

Dkt 22-1 at 5–10. And the undisputed evidence and controlling law support that decision and that Defendant is entitled to judgment against Tate because the ALJ properly reviewed Tate's case and considered the medical evidence, Tate's subjective complaints and activities, and the opinion evidence. See Dkts 23 at 4–7 & 20-4 at 21–31 (ALJ's findings of fact and conclusions of law).

The pleadings, record, applicable law, and recommendations have been reviewed. No clear error or abuse of discretion appear on the face of the record, and the findings are not contrary to applicable law.

The Memorandum and Recommendation by the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 23.

The motion for summary judgment by Defendant Kilolo Kijakazi, in her official capacity as Acting Commissioner of the Social Security Administration, is GRANTED. Dkt 22.

All claims by Plaintiff Rayden D. Tate are DISMISSED WITH PREJUDICE. Dkt 1.

SO ORDERED.

Signed on March 30, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge